PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DANIEL JAY BOWMAN, | ) |
| | ) CASE NO. 5:16CV162 |
| Petitioner, | ) (5:13CR426) |
| | ) |
| v. | ) |
| | ) JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** [Resolving ECF Nos. 45, 51] |

Before the Court is *pro se* Petitioner Daniel Jay Bowman's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 45. The Government has responded. ECF No. 50. For the reasons discussed below, the motion is denied.

## I. Background

In September 2013, Daniel Jay Bowman was indicted for (1) receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, and (2) possession of child pornography. ECF No. 8. The Federal Public Defender's Office was appointed to represent him promptly after proceedings began. *Order*, 9/4/2013. In January 2014, Defendant pleaded guilty to the indictment without a plea agreement. *Minutes of Proceedings*, 1/24/2014.

At sentencing, the Court applied a base offense level of 22. It adjusted upward by two levels because the material involved prepubescent minors, USSG § 2G2(b)(2); five levels because Petitioner traded images with others, § 2G2.2(b)(3)(B); four levels because the material depicted sadistic and masochistic conduct, § 2G2.2(b)(4); two levels because the offense

(5:16cv162) (5:13cr426)

involved a computer, § 2G2.2(b)(6); and five levels because Petitioner possessed more than 600 images, § 2G2.2(b)(7). ECF No. 32. He received a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b). His total offense level of 37 combined with his criminal history category of I to yield a suggested guidelines range of 210 to 262 months in prison, capped at a maximum term of 240 months by 18 U.S.C. § 2252(a)(2). The Court varied downward and sentenced Petitioner to a term of 180 months for Count One and 120 months for Count Two, the terms to be served concurrently. ECF No. 23; *see* ECF No. 32 at PageID#: 271.

Represented by appointed counsel, Petitioner appealed his sentence, and the sentence was affirmed. ECF No. 36. He subsequently filed this *pro se* motion to vacate, set aside, or correct his sentence. ECF No. 37. The Government responded, ECF No. 40, and Petitioner replied, ECF No. 41. Before his petition was decided, Petitioner filed an amended motion to more fully explain his position.[1] ECF Nos. 44, 45. The Government responded. ECF No. 50. For the reasons discussed below, Petitioner's motion is denied.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] The Court's Memorandum of Opinion and Order (ECF No. 46), issued August 21, 2017, denying Petitioner's motion to vacate, did not account for Petitioner's amended motion at ECF No. 45. For that reason, the Court granted Petitioner's motion for reconsideration (ECF No. 47) as to the arguments that were raised in the amended-motion briefing that had not been raised in the initial brief. ECF No. 48.

2

(5:16cv162) (5:13cr426)

move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a Section 2255 motion, the movant must allege as a basis for relief "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

### III.  Analysis

#### A.  Ineffective Assistance of Counsel

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x. 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, the petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id*. To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner advances three allegations of ineffective assistance of counsel, two with respect

3

(5:16cv162) (5:13cr426)

to his trial counsel and one with respect to his appellate counsel.

### 1. Fourth Amendment: Validity of Search Warrant

Petitioner makes similar allegations of ineffective assistance with respect to his trial counsel and his appellate counsel. He posits that both attorneys failed to raise meritorious arguments about the validity of the search warrant from which much of the evidence against him was derived. Both may be discussed with the same observations.

Petitioner suggests that the search warrant was facially invalid because it was signed with the magistrate judge's stamped signature rather than a handwritten signature. ECF No. 45-1 at 404-09. There is no reason to believe that Magistrate Judge Burke did not indeed approve the search warrant that bore her signature, as she was constitutionally authorized to do. As the Court has already observed with respect to an earlier filing, "Petitioner does not provide a legally sound argument as to why the search warrant was invalid, or why his counsel should have filed a motion to suppress." ECF No. 46 at PageID#: 425. It is not unreasonable for counsel to decline to raise a frivolous argument. *Tremble v. Burt*, 497 F. App'x 536, 547 n.7 (6th Cir. 2012) (citing *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)).

Additionally, to the extent Petitioner asserts that the search warrant was not supported by an affidavit (ECF No. 45-1 at PageID#: 413), he is mistaken. ECF No. 40-1 at PageID#: 354-69 (affidavit of FBI Special Agent Cristin L. McCaskill).

Petitioner's ineffective-assistance arguments pertaining to the validity of the search warrant are unfounded.

### 2. Declination to Engage in Plea Negotiations

4

(5:16cv162) (5:13cr426)

Petitioner also faults his trial counsel for declining to enter plea negotiations with the Government. He does not know for sure whether or not his counsel engaged in such discussions, but he infers a failure to do so based on his trial counsel's alleged silence on the topic. *See* ECF No. 45-1 at PageID#: 409. Despite Petitioner's sworn assurances at his change of plea hearing that he was satisfied with his counsel's representation, that he was award of the potential consequences of conviction, and that he had discussed possible strategies he might have chosen to employ at trial, ECF No. 31 at PageID#: 217-18, he now insists that his counsel failed him by supposedly declining to engage in plea negotiations with the Government.

A defendant in criminal proceedings has no constitutional right to a plea bargain. *Moss v. United States*, 323 F.3d 445, 453 (6th Cir. 2003). Petitioner insists that his argument does not suggest any such right, but if there is any distinction to be made, it is vanishingly small. In essence, Petitioner suggests that he was all but entitled to a plea negotiation with the Government because "[m]urders [*sic*] and terrorists . . . obtain [a] benefit from plea negotiations," and that "the VAST majority" of child pornography cases involved a negotiated plea agreement. ECF No. 45-1 at PageID#: 410. Given that prevalence, he posits, his counsel's supposed failure to pursue a plea agreement was objectively unreasonable, and if counsel had pursued such an agreement, there is a reasonable probability that the Government would have made an offer that he would have accepted and that would have been ultimately beneficial to him.

By contrast, Assistant United States Attorney Carol M. Skutnick, the prosecuting attorney in Petitioner's case, represents that "the dismissal of a distribution charge" (Count One) "would have been unprecedented for [her] or Mr. Sullivan, her Project Safe Childhood counterpart."

5

(5:16cv162) (5:13cr426)

ECF No. 40 at PageID#: 340. The Government also represents, and the Court has observed, that "Bowman's conduct was exceptionally egregious on multiple levels," and "[n]othing about his fact pattern would have warranted the dismissal of count one, receipt and distribution of visual depictions of real minors engaged in sexually explicit conduct."[2] *Id.*

Given that a dismissal of Count One would have been unwarranted and unprecedented for AUSA Skutnick, it is exceedingly difficult to make the argument that trial counsel's purported failure to engage in plea negotiations was professionally unreasonable. It is also difficult or impossible to argue, given the "strong presumption" of reasonable practice, that counsel's supposed decision not to pursue plea negotiations was not simply a strategic decision. *See Strickland*, 466 U.S. at 689. As the Court observed at the sentencing hearing, Petitioner's prompt decision to plead guilty and accept responsibility provided the basis for a one-level reduction in his Sentencing Guidelines range calculation. ECF No. 32 at PageID#: 238-39. Such a reduction might have been opposed by the Government had Petitioner insisted on negotiating a plea agreement, particularly given the strength of the Government's case and the egregiousness of Defendant's conduct.

For the same reasons, even if Petitioner's trial counsel did fail to enter plea negotiations and even if that failure was professionally unreasonable, Petitioner cannot show that he was prejudiced. Even assuming Petitioner's counsel engaged in no plea discussions as Petitioner

---

[2] The Government makes no such assertion about Count Two because it would be irrelevant. Petitioner's sentence on Count Two was lower than his sentence for Count One, and the sentences for each count are to be run concurrently. ECF No. 23. Even if the Government had dismissed Count Two in a plea agreement, it would not have reduced Petitioner's sentencing exposure.

6

(5:16cv162) (5:13cr426)

alleges, there is no basis, either on the record or in the abstract, from which to infer that Petitioner would have been better off if his counsel had done so.

Petitioner's ineffective-assistance argument pertaining to plea negotiations is unfounded.

**B. Guilty Plea: Knowing and Voluntary**

Petitioner also posits that his plea was not knowing and voluntary and should therefore be voided. *See* Bousley v. United States, 523 U.S. 614, 618 (1998). To sustain a guilty plea on such a challenge, "[t]he record should reflect a full understanding of the direct consequences of a guilty plea so that the plea represents a voluntary and intelligent choice among alternatives." Moore v. United States, 61 F. App'x 947, 949 (6th Cir. 2003) (citations omitted).

At his change of plea hearing, Petitioner stated under oath that he was pleading guilty to both counts because he was guilty of both counts. ECF No. 31 at PageID#: 217. He swore that he was not threatened or coerced to enter a plea nor promised anything in exchange for his plea. *Id.* at PageID#: 213, 216-17. He acknowledged that a conviction would be attended by a loss of certain civil rights and that he would be required to register as a sex offender wherever he lived and worked. *Id.* at PageID#: 215-16. He confirmed that his plea guaranteed nothing about the sentence he might later receive, except to the extent that the sentence was limited by a statutory minimum and maximum. *Id.* at PageID#: 214-15. He confirmed that his plea, once entered, would be difficult to withdraw. *Id.* at PageID#: 215. He stated that he had fully informed his counsel about all the facts of his case and that they had discussed possible defenses that could be raised at trial and the consequences of a conviction. *Id.* at PageID#: 218. Still under oath, Petitioner confirmed that he was satisfied with his attorney's representation. *Id.*

(5:16cv162) (5:13cr426)

Without much explanation, Petitioner asserts that his trial counsel's supposed unwillingness to engage in plea negotiations rendered his guilty plea unknowing and involuntary. ECF No. 45-1 at PageID#: 413.  To the extent that assertion is a restatement of the ineffective-assistance argument described above, it is denied for the same reasons.  To the extent Petitioner makes a freestanding argument that his plea was not knowingly or voluntarily made, it is plainly belied by the plea colloquy, as discussed.

## IV. Conclusion

For the reasons stated above, Petitioner Daniel Jay Bowman's Motion to Vacate Under 28 U.S.C. § 2255 is denied.  Additionally, for lack of good cause shown, Petitioner's motion for discovery (ECF No. 51) is denied.


IT IS SO ORDERED.


 May 30, 2019            */s/ Benita Y. Pearson*
Date           Benita Y. Pearson
          United States District Judge